ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorney

　　1301 Clay Street, Suite 340S
　　Oakland, California 94612
　　Telephone: (510) 637-3680
　　FAX: (510) 637-3724
　　benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIO ISABEL CRUZ-CALIX,<br><br>　　　　Defendant. | **CASE NO. 4:23-cr-00148 YGR**<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: November 16, 2023<br>Time:  2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers |

## I.　　INTRODUCTION

The government respectfully submits this sentencing memorandum recommending a below guidelines sentence of 30 months' imprisonment.  The defendant, Mario Isabel Cruz-Calix, trafficked fentanyl throughout the Bay Area, and now stands before the Court with a federal drug trafficking conviction for conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl.  The net weight of the fentanyl seized from the car Cruz-Calix was driving was 417.6 grams of fentanyl.  PSR ¶ 19.  The defendant agreed that at least 200 grams, but less than 280 grams of the fentanyl is attributable to him. PSR ¶ 20.

UNITED STATES' SENTENCING MEMORANDUM   1
4:23-cr-00148 YGR

## II. DISCUSSION

### A. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

### B. The Government's Recommendation Is Sufficient But Not Greater Than Necessary

The government's below guidelines recommendation of 30 months' imprisonment balances the seriousness of the defendant's conduct, including the amount of fentanyl the defendant possessed, with the recommendations and sentences of his co-defendants.

To date, neither previous arrests nor a narcotics-related conviction have deterred the defendant. The defendant was arrested by local law enforcement in San Francisco for dealing drugs in May, July, and August 2020. The defendant's narcotics-related conviction was in September 2020. *See* PSR ¶ 14-20. However, the government acknowledges that the defendant does not have a significant criminal history (two misdemeanor convictions).

Additionally, regarding 18 U.S.C. § 3553(a)(4), the government does not believe that the defendant is more culpable than his co-defendant – Yeny Fernandez-Reyes – 4:22-CR-00178-YGR. In that case, the government also recommended 30 months' imprisonment and Fernandez-Reyes was sentenced to 27 months' imprisonment. Regarding the other related cases, in United States v. Jihad Jad Tawasha – 4:22-cr-00076-YGR-4, the defendant had a criminal history score of VI and was sentenced to 36 months' imprisonment. In United States v. Heather Borges – 4:23-cr-00148-YGR, the defendant also had a criminal history score of VI and was sentenced to 36 months' imprisonment. In United States v. Javier Castro Banegas-Medina et al – 4:22-cr-00076-YGR, Castro Banegas-Medina, the leader of the Castro Drug Trafficking Organization (DTO), was sentenced to 120 months' imprisonment. The two drug runners in the DTO, Elmer Rosales-Montes and Jose Ivan Cruz-Caceres, were sentenced to 26 months' imprisonment and 60 months' imprisonment, respectively. The government notes that Cruz-Caceres did not meet the requirements under the safety valve provision.

Therefore, the government's recommended sentence in the instant matter is appropriate when considering the sentencing factors set forth in 18 U.S.C. § 3553(a). The recommendation reflects the nature and circumstances of the offenses, namely that the defendant continued to deal significant quantities of fentanyl despite multiple contacts with law enforcement, but also the government's previous recommendation and the Court's sentencing of the co-defendant, Fernandez-Reyes. The government further believes that 30 months' imprisonment reflects adequate deterrence in that it sends a clear message that dealing fentanyl is dangerous and harmful to the community. Therefore, the government's recommended sentence would promote just punishment and respect for the law.

**III.    CONCLUSION**

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends a below Guidelines sentence of 30 months' imprisonment to be followed by three years' supervised release and a $100 special assessment.

DATED:  November 9, 2023                          Respectfully submitted,

                                                  ISMAIL J. RAMSEY
                                                  United States Attorney

                                                  */s/ Benjamin K. Kleinman*
                                                  BENJAMIN K. KLEINMAN
                                                  Assistant United States Attorney